

## In the United States Court of Federal Claims

No. 16-1177C (Pro Se)
(Filed: February 6, 2017 | Not for Publication)

FILED
FEB - 6 2017
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| RYAN THOMAS BECHARD,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>  Defendant. | Keywords: Pro Se Complaint;<br>Sovereign Citizen; Subject Matter<br>Jurisdiction; Motion to Transfer;<br>Frivolous Claims. |

*Ryan Thomas Bechard*, Mondovi, WI, Plaintiff pro se.

*Rebecca S. Kruser*, Trial Attorney, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

The pro se plaintiff in this case, Ryan Thomas Bechard, filed this action on September 21, 2016. Compl. at 1, Docket No. 1. Mr. Bechard's complaint is captioned as a "[v]erified [b]ill in [e]quity for [r]elease of [t]rustee, [a]ccounting, [d]eclaratory, [s]pecial, [s]upplementary and [g]eneral [r]elief." Id. He asserts a number of interrelated causes of action stemming from his belief that a corporation was created in his name through his birth certificate and social security number and that this "person-corporation" is "indebted and underwritten by insurance companies of the German Empire according to the 'Trading With The Enemy Act.'" Id. at 13. Mr. Bechard requests certain equitable relief with respect to, among other things, his alleged trustee status. He also seeks a declaratory judgment and money damages based on his allegations of trustee status, asserts a variety of tort claims, and alleges generalized violations of unspecified Constitutional provisions.

Currently before the Court is the government's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (RCFC), Docket No. 14, as well as a Motion to Transfer that Mr. Bechard filed on October 24, 2016, Docket No. 8. In his motion to transfer, Mr. Bechard asserts that "[a]djudication of matters involving trusts can only be done in exclusive jurisdiction of Equity, which, within a Federal Court, pursuant to the Constitution, can only be before an Article III Judge." Mot. to Transfer at 1. Mr. Bechard thus requests that this case be

7014 1200 0000 9093 6538

assigned to an Article III judge or transferred to the United States Court of Appeals for the Federal Circuit. Id.

For the reasons set forth below, the government's motion to dismiss is **GRANTED** and Mr. Bechard's motion to transfer is **DENIED**.[1]

## BACKGROUND

The allegations in Mr. Bechard's complaint are difficult to follow, but appear to be grounded on a set of beliefs held by members of the so-called "sovereign citizen" movement. See, e.g., Gravatt v. United States, 100 Fed. Cl. 279, 282–83 & n.1 (2011) (citing Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758–59 (W.D. Va. 2007)) (describing tenets of the sovereign citizen movement); see also Rivera v. United States, 105 Fed. Cl. 644, 646–47 (2012). Thus, the complaint is predicated on the notion that Mr. Bechard is what he terms a "surety debtor and trustee to the 'United States'/CoLB [i.e., "certificate of live birth] person-corporation business entity." Compl. at 15. Specifically, Mr. Bechard claims that although he was led to believe that his birth certificate and social security number were "just for informational purposes only, a tax ID number," in reality, "pursuant to the 'Federal Reserve Act', 'Trading With the Enemy Act' and 'Emergency Banking Act', [he] was fraudulently set up to be a surety debtor and trustee to the 'United States'/CoLB person-corporation business entity underwritten and indebted by a social insurance policy of the German Empire." Id. Mr. Bechard asserts that he mistakenly "accepted [the] office of trustee and 'acted as trustee' to an implied trust by use of the numbers on [his social security] card to get a job and open bank accounts." Id. at 15–16.

"From research into this subject," Mr. Bechard also believes that the bottom portion of his birth certificate, which allegedly is not included in his Certificate of Live Birth, contains "the corporation and banking information." Id. at 16. He claims, however, that he has only been given the upper portion. Id. Thus, he alleges that during an August 14, 2014 trip to the Wisconsin Vital Records office in Madison, Wisconsin, he was denied access to his complete original birth certificate. Id. He also describes an order he placed with the Wisconsin Vital Records office to obtain the "long form" of his birth certificate and how the Wisconsin Registrar allegedly told him that this long form could not be provided "because it contains confidential information." Id. at 17.

Furthermore, Mr. Bechard alleges that on October 20, 2014, he sent a "Notice of Claim" to the "Office of the Attorney General . . . as prescribed by the Trading With the Enemy Act," which contained his and his family members' birth certificates and social security cards. Id. at 17. Apparently, this package was returned to him on December 14, 2014. Id. at 18. Mr. Bechard also describes his attempts to terminate the supposed trusts and establish himself instead as a beneficiary through the use of Internal Revenue Service forms. Id. at 18. Mr. Bechard has apparently also requested that the Department of State

---

[1] Mr. Bechard has filed a motion to proceed in forma pauperis. The Court **GRANTS** that motion solely for purposes of dismissing his complaint.

2

place him on the "Blue List" for "Diplomatic Passports, Diplomatic Immunities photo ID and other minor items." Id. at 18–19.

Based on these allegations, Mr. Bechard seeks to be discharged as trustee on the grounds that the alleged trusteeship and debt were induced by fraud. Id. at 23. He requests an accounting and that he be established as a beneficiary to funds he believes are in this trust. See id. at 13, 18, 21, 26–27. Similarly, Mr. Bechard requests that the "person-corporation estates" of his wife, children, and deceased family members be placed "in the proper office of cestui que trust." Id. at 19–20. Mr. Bechard also requests a court order commanding Wisconsin's Vital Records Department to deliver his "original ink pen impressed 'Certificate of Live Birth' instruments." Id. at 27. In addition, Mr. Bechard requests money damages relating to tort claims of fraud and libel. Id. at 28. He further asks the Court to order that the Secretary of State place him and his family members on a "diplomatic list" or "Blue List," pursuant to 8 C.F.R. § 101.3, and that they be provided with "other items, benefits or privileges pertaining to [their] 'non-citizen national' status and 'diplomatic agent/officer' level immunities and privileges." Id. at 29. Finally, Mr. Bechard requests that a hearing be held as soon as possible "on the grounds of violations of rights under the Constitution," and that the Court award him any other relief required by the Uniform Declaratory Judgment Act or any other source of law. Id. at 29–30.

## DISCUSSION

### I. Jurisdiction

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

3

The primary relief Mr. Bechard seeks in his complaint is equitable in nature. Indeed, the premise of the complaint is that it is a "Bill in Equity," which seeks an order releasing him and his family members as trustees of supposed trusts, ordering an accounting, forming a constructive trust, and directing the Wisconsin registrar and the Secretary of State to take certain actions. The Court of Federal Claims, however, lacks jurisdiction to grant such equitable relief absent a "concurrent colorable claim for monetary recovery." Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993) (quoting Bobula v. U.S. Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)); see also James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (holding that the "Court of Federal Claims has no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment" (quotation omitted)).

In this case, Mr. Bechard has not made a colorable claim for monetary damages because he has failed to identify any money-mandating statute that can serve as the basis for such a claim. Further, his generic claims of unspecified constitutional violations are insufficient because this Court lacks jurisdiction to adjudicate claims based on provisions of the Constitution that are not money-mandating. See, e.g., LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that due process clauses and equal protection clause do not provide a "sufficient basis for jurisdiction because they do not mandate payment of money by the government"). And his defamation and libel claims are beyond this Court's jurisdiction because "[t]he plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)).

In short, this Court lacks jurisdiction over the claims set forth in Mr. Bechard's complaint. For that reason, the government's motion to dismiss pursuant to RCFC 12(b)(1) must be **GRANTED**.

## II.     Motion to Transfer

Mr. Bechard, as noted, filed a motion to transfer this case, "by the authority in 28 U.S.C. § 1631 and RCFC rule 40.1." See Mot. to Transfer at 1 (emphasis omitted). Specifically, he requests that this case be assigned to an Article III judge or transferred to the United States Court of Appeals for the Federal Circuit. Id.

Section 1631 of Title 28 states that "[w]henever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." The Federal Circuit has held that the "in the interest of justice" factor relates "to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).

The Court declines to transfer this case to the Federal Circuit or to any other federal court. First, a transfer to the Federal Circuit would clearly be improper, as that court is an appellate tribunal and lacks jurisdiction to hear original cases like the one Mr. Bechard has brought here. See 28 U.S.C. §1295. Second, the Court declines to transfer

the case to a district court because Mr. Bechard's claims "lack[] an arguable basis either in law or in fact" and are therefore frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Indeed, Mr. Bechard filed similar claims in the United States District Court for the Western District of Wisconsin; and that court concluded that he had failed to "articulate a non-frivolous cause of action or claim for relief over which this court has jurisdiction." Bechard v. Rios, No. 14-CV-867-WMC, 2014 WL 7366226, at *1 (W.D. Wis. Dec. 24, 2014). Other courts have also held that complaints based on "sovereign citizen" theories are "nonsensical" and "frivolous." Gravatt, 100 Fed. Cl. at 288; see also Troxelle v. United States, No. 10-312 C, 2010 WL 3982349, at *5 n.9 (Fed. Cl. Oct. 6, 2010) (declining to transfer plaintiff's claims that his birth certificate and registration with the Social Security Administration constitute a taking of the use of his name by the United States because such claims were frivolous and lacked any basis in law or in fact).

Finally, as noted, Mr. Bechard's Motion to Transfer also references RCFC 40.1. This Rule addresses the internal transfer of cases between judges of the Court of Federal Claims. It does not allow the Chief Judge to assign a judge from an Article III court to this case, as Mr. Bechard apparently desires.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and this action is **DISMISSED** without prejudice. The plaintiff's Motion to Transfer is **DENIED**. The Clerk is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge